# United States District Court
# Central District of California

| | |
|---|---|
| SAHAND ZARRABIAN, individually and on behalf of all others similarly situated,<br>　　　　　　Plaintiff,<br>　　v.<br>TECH RABBIT, LLC; and DOES 1–100, inclusive,<br>　　　　　　Defendants. | Case № 2:18-cv-10648-ODW (JCx)<br><br>**ORDER GRANTING MOTION TO REMAND [18]; DENYING MOTION TO DISMISS AS MOOT [11]** |

## I.　INTRODUCTION

On December 26, 2018, Defendant Tech Rabbit, LLC ("Defendant") removed this action to federal court based on alleged diversity jurisdiction. (Notice of Removal ("Notice") ¶ 8, ECF No. 1.) After reviewing Plaintiff Sahand Zarrabian's Motion to Remand ("Motion") (ECF No. 18) and the papers in connection with the Motion, and the Notice of Removal, it is unclear, and Defendant has not established by a preponderance of the evidence, that the amount in controversy exceeds $75,000; thus, the Court lacks subject matter jurisdiction. Consequently, the Court grants Plaintiff's Motion, and **REMANDS** this action to state court.[1] As a result, the pending Motion to Dismiss (ECF No. 11) is **DENIED as MOOT**.

---

[1] After carefully considering the papers filled in connection with the Motion and the Notice of Removal, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

Plaintiff brings nine causes of action based on various state law claims against Defendant arising from a data breach of Defendant's website that resulted in consumers' private information being disclosed to unauthorized third parties. (Notice Ex. A ("Class Action Compl."), ¶¶ 1–4.) As a result of Defendant's alleged action/inaction, Plaintiff seeks a number of equitable reliefs including "appropriate methods and policies with respect to consumer data collection, storage, and safety."[2] (Class Action Compl. at 19–20.)

## III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, *id.* § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, *id.* § 1332(a).

Removal of an action is proper on the basis of an amount in controversy "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2). A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). However, a defendant's bald recitation that the amount in controversy exceeds the jurisdiction threshold, "without the defendant identifying any specific factual allegations or provisions in the complaint which might support that proposition, should provoke *sua sponte* remand." *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

---

[2] Plaintiff seeks other forms of relief that are not at issue or relevant.

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. The party seeking removal bears the burden of establishing federal jurisdiction. *Id.*

## IV. DISCUSSION

Defendant invokes diversity as the basis of the Court's subject matter jurisdiction. (Notice ¶ 8.) To satisfy the jurisdictional threshold, Defendant argues that Plaintiff's prayer for equitable relief requiring Defendant "to utilize appropriate methods and policies with respect to consumer data collection, storage, and safety" results in costs in excess of the jurisdictional minimum.

Facially, based on the allegations in the Class Action Complaint, the jurisdictional minimum has not been met. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."). At most, the Class Action Complaint alleges that the amount in controversy is over $25,000 to meet the superior court's unlimited jurisdiction requirement. (*See* Class Action Complaint ¶ 10.)

Defendant has not met its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. In its Notice of Removal, Defendant, without support, asserts that "[i]t would cost $300,000–$500,000 . . . to adopt banking-grade security standards." (Notice ¶ 17.) It is unclear in Defendant's Notice of Removal how it arrived at that figure, but nonetheless, the estimate appears to be based on speculation as Defendant states that it "cannot ascertain, what, precisely Plaintiff Zarrabian supposes to be equitable relief compelling Tech Rabbit to utilize appropriate methods and policies" and assumes this statement to require "banking-grade security." (Notice ¶ 5 (internal quotation marks omitted).) This estimation is highly speculative and not sufficient to invoke diversity jurisdiction.

Through its Motion, Plaintiff argues that Defendant failed to meet its burden of proof by a preponderance of the evidence that the amount in controversy exceeds $75,000. As such, Defendant had another opportunity, through its Opposition, to establish that the amount in controversy exceeded $75,000. Again, Defendant failed to do so. To prove that the amount in controversy exceeded the jurisdictional minimum, Defendant "must submit summary-judgment-type evidence." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotation marks omitted). Defendant submitted the declaration of its Chief Operating Officer, Joel Stern. (*See* Decl. of Joel Stern ("Stern Decl."), ECF No. 27-1.) Mr. Stern was asked to review the prayer for relief and "to opine with a dollar estimation as to how large a liability such relief could potentially impose on [Defendant], if awarded." (Stern Decl. ¶¶ 5–7.) As such, Mr. Stern opined that, if the prayer for relief was "interpreted as seeking . . . to implement the most secure technology platforms commercially available . . . according to rough estimates received from several vendors, would come with an implementation cost of approximately $300,000–$500,000." (Stern Decl. ¶ 9.) However, Mr. Stern's declaration contains numerous deficiencies. First, Defendant and Mr. Stern do not attach the estimates from the vendors or any other evidence supporting the estimates. Second, the estimates are purportedly based on "bank-grade security standards" and Defendant is admittedly not a bank. Third, Mr. Stern "personally, would not recommend using the most secure technology platforms commercially available, because using that technology is very expensive." (Stern Decl. ¶ 11.) And finally, Defendant sets forth no evidence regarding Mr. Stern's experience such that he could opine on the amount in controversy based on his review of the prayer for relief.

In light of the standard of construing the removal statute against removal and the record before the Court, Defendant has not made a sufficient showing to invoke

this Court's jurisdiction.[3]

## V. CONCLUSION

For the reasons discussed above, the Court **REMANDS** the action to the Superior Court of California, County of Los Angeles, Case No. 18STCV01352, 111 North Hill Street, Los Angeles, California 90012. As such, the Motion to Dismiss (ECF No. 11) is **DENIED as MOOT**. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

June 26, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[3] The Court also declines to award Plaintiff's request for attorneys' fees and costs as Defendant appeared to have a reasonable basis for attempting to remove the action and only failed to sufficiently provide evidence supporting the amount in controversy. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("[C]ourts may award attorney's fees . . . only where the removing party lacked an objectively reasonable basis for seeking removal.").